UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY MALIK, | ) |
| Plaintiff, | ) Case: 1:23-cv-02928 |
| v. | ) |
| KNOLL ANIMAL HOSPITAL, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Ashley Malik ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Knoll Animal Hospital ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discriminatory acts under the ADA, and also terminating Plaintiff's employment because of her disability and in retaliation for her attempting to assert her rights under the ADA when Plaintiff reported discrimination because of her disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Ashley Malik, resides in DuPage County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Knoll Animal Hospital, is a corporation doing business in and for DuPage County whose address is 565 E. Saint Charles Rd. Carol Stream, IL 60188-2109.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. The Defendant hired, Ashley Malik, at Knoll Animal Hospital as a Client Service Representative on or about August 2, 2022.

12. The Defendant unlawfully terminated the Plaintiff on or around December 29, 2022, on the basis of her disability and for engaging in a protected activity.

13. The Defendant subjected the Plaintiff to disability discrimination and retaliation for requesting accommodations for his disability.

14. The Defendant subjected the Plaintiff to discrimination because of her disabilities.

15. The Plaintiff is a qualified individual as defined by the ADA.

16. Plaintiff's disability substantially limits major life activities.

17. The Plaintiff exceeded expectations in terms of job performance.

18. The Defendant subjected the Plaintiff to an adverse employment action by terminating her employment.

19. The Defendant subjected the Plaintiff to different terms and conditions of employment than others not with a disability.

20. Regardless of the Plaintiff's disability, the Plaintiff is able to perform the essential functions of her job duties, with or without reasonable accommodations.

21. The Defendant was aware of the Plaintiff's capabilities, and that she was able to perform the essential functions of her job duties with or without reasonable accommodations.

22. The Defendant failed to accommodate the Plaintiff's disability and subjected her to disability discrimination, disability-based harassment, and retaliation based on her requested for reasonable accommodations.

23. The Plaintiff has several years of experience in customer service including with the Defendant.

24. The Plaintiff disclosed her disability during the interview process, and after the Plaintiff was hired, the entire staff was made aware of the Plaintiff's disability.

25. The Plaintiff has a mental impairment that substantially limits major life activities.

26. The Plaintiff is autistic a disability that affects the Plaintiff major life activities.

27. On or about December 22, 2022 the Plaintiff asked for Dr. Knoll's help in drafting an email to another Dr. about scheduling as a reasonable accommodation to her disability.

28. The Plaintiff's disability has the symptom of making the Plaintiff's language seem different or more terse than actually intended.

29. Dr. Knoll said that my message was mean, the Plaintiff replied, "I understand it may sound stern, but that is why I am asking for your help drafting it."

30. Dr. Knoll bombarded the Plaintiff with a string of insults regarding her speech patterns, sentence structure, refusal to engage in office gossip, hyper focus, lack of emotion, and mocked the Plaintiff's ability to adapt to stressful situations.

31. Dr. Knoll then when on to state, "ask the team to review your messages for you send them so you don't sound like such and asshole."

32. This is exactly why the Plaintiff came to her for help, but instead she insulted the Plaintiff many time and questioned her character.

33. Soon after, Dr. Knoll and the Plaintiff reviewed the message again together, and she explained to the Plaintiff how she hated capital letters in anything.

34. Dr. Knoll laughed and said she would just delete the message and the Plaintiff was welcome to write an actual protocol for to review at the meeting.

35. On or about December 29, 2022 during a staff meeting Dr. Knoll brought up the email that the Plaintiff asked for her help in drafting, and in front of all her co-workers.

36. The Defendant started the insults all over again, and said the Plaintiff was "too direct" "too sensitive", and "too straight-forward."

4

37. Immediately after the meeting the Plaintiff and the Defendant went into a Department Meeting.

38. The entire Department meeting was an ambush on the Plaintiff and all about her communication style.

39. The Plaintiff was told, "You have an abrasive personality," "You come off as mean and hurt people's feelings," and "You're too sensitive."

40. The Plaintiff was completely taken back and let everyone know that she did not understand what was happening.

41. Dr. Knoll then responded by telling the Plaintiff that she needed to "learn how to fake it".

42. Dr Knoll then proceeded to ask every single person in the meeting one-by-one "Do you think Ashley is abrasive," "What do you think about the way that Ashley communicates?"

43. The Plaintiff was humiliated by this and when the Plaintiff asked Dr. Knoll why she was doing this to her, she said, "Be quiet you need to learn how to listen to people."

44. After the meeting was over the Plaintiff clocked out for lunch, and immediately started feeling sick and was on the verge of breaking down due to the bullying and cruelty by Dr. Knoll.

45. The Plaintiff then, texted the Practice Manager, Paulina Burgess stating that she, the Plaintiff, was not feeling well, and has never been a part of meeting where everyone goes around and berates one employee."

46. Practice Manager, Paulina Burgess expressed her understanding, but continued to tell the Plaintiff that she misread the situation, and there was nothing that could be done.

Case: 1:23-cv-02928 Document #: 1 Filed: 05/10/23 Page 6 of 9 PageID #:6

47. The Plaintiff told her that she could not return after the way she was treated, especially if that type of behavior towards her were to continue, to which she agreed that nothing would change if the Plaintiff was to return.

48. The Defendant terminated the Plaintiff as a result of her disability.

49. The Defendant has discriminated against the Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act (42 U.S.C§12101, *et. seq.*).

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADA")**
**Disability Discrimination**

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

52. Defendants terminated Plaintiff's employment on the basis of her disability.

53. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

54. Plaintiff is a member of a protected class under the ADA, due to her disability.

55. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of

6

life.

## COUNT II
### Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*
### Failure to Accommodate

57. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

59. Plaintiff is a qualified individual with a disability.

60. Defendant was aware of the disability and the need for accommodation.

61. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

62. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

63. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of 42 U.S.C. § 12101, *et seq.*
### Retaliation

66. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

67. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

68. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

69. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination.

70. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

71. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the disability-based discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

72. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

73. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

    a. Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of May, 2023.

                */s/ Nathan C. Volheim*
                **NATHAN C. VOLHEIM, ESQ.**
                Bar No.: 6302103
                FRANKLIN JARA, ESQ.
                Bar No.: 636681
                **SULAIMAN LAW GROUP LTD.**
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 568-3056
                Fax (630) 575 - 8188
                nvolheim@sulaimanlaw.com
                fjara@sulaimanlaw.com
                *Attorneys for Plaintiff*